UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CIVIL DIVISION

IONEL COLTEA,                              CASE NO.:

    Plaintiff,

v.                                         JURY DEMAND

INDEPENDENT EDUCATION
CORPORATION DBA KEY
COLLEGE and MARELLA DOOLEY

    Defendant(s).
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, IONEL COLTEA ("Plaintiff" or "IONEL"), files this Complaint against Defendant, INDEPENDENT EDUCATION CORPORATION DBA KEY COLLEGE ("Key College"), a Florida Corporation, and Defendant, MARELLA DOOLEY ("Dooley"), an individual (collectively, Key College and Dooley, hereinafter referred to as "Defendants") and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as this is a claim for Unpaid Wages under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover unpaid back wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## **PARTIES**

3. At all times material to this action, Plaintiff was, and continues to be, a resident of Broward County, Florida.

4. At all times material to this action, Defendant Key College was, and continues to be, a Florida Corporation.  Further, at all times material to this action, Key College was, and continues to be, engaged in business in Florida, doing business in Broward County, Florida.

5. At all times material to this action, Defendant Dooley was, and continues to be an individual residing in Broward County Florida.

6. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §206 of the FLSA.

7. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

9. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

10. At all times material to this action, Defendants were, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been

moved in or produced for commerce, which were used directly in furtherance of Defendants' commercial activity of running an educational institute.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

14. On or about April 4, 2016, Defendants hired Ionel to work as a non-exempt lead instructor for Defendants' corporation, a for-profit college, at its 225 E. Dania Beach Blvd., Dania Beach, FL 33004 location. Ionel was employed by Defendants in this position through on or about the end of May 2016.

15. Ionel's job duties included, but were not limited to, developing a curriculum and instructing Defendants' students.

16. During Plaintiff's time working for Defendants, Defendants failed to pay Plaintiff a single paycheck or wage for the hours Plaintiff worked for Defendants.

17. At all times material hereto, Plaintiff worked at least a minimum of thirty (30) hours per week for the Defendants.

18. At all times pertinent to this Complaint, Defendants failed to comply with the FLSA in that Ionel performed hours of service for Defendants for which Defendants failed to properly pay compensation, let alone minimum wage.

19. Defendants' failure to pay Plaintiff any wages at all, constitutes serious violations of the minimum wage laws under §206 of the FLSA.

20. Defendants have violated the FLSA from at least April 2016 and continuing through the date this Complaint was filed.

21. Upon information and belief, the majority of Plaintiff's pay and time

records are in the possession of Defendants.

22. However, upon information and belief, it is believed that Defendants have failed to maintain proper and accurate time records, as mandated by §211 of the FLSA.

23. Furthermore, Defendants failed and/or refused to properly disclose or apprise Ionel of his rights under the FLSA.

24. Defendants' failure and/or refusal to properly compensate Ionel at the rates and amounts required by the FLSA was willful and unlawful.

25. Defendants made it a policy to not pay wages to their employees but rather to exploit employees for free labor until the end of the semester and then replace them.

26. Plaintiff has retained the law firm of MILL STONE LEGAL GROUP, LLC to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – RECOVERY OF MINIMUM WAGE COMPENSATION

27. Plaintiff re-alleges paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendants.

29. Defendants failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendants.

30. As a result of Defendants' actions in this regard, Plaintiff has not been paid the applicable minimum wage for each hour worked during every week of employment for Defendants.

31. Defendants had specific knowledge it was required to pay Plaintiff at least a

minimum wage, but still failed to pay Plaintiff at least the minimum wage.

32. Defendants willfully failed to pay Plaintiff the applicable minimum wage for every hour Plaintiff worked for Defendants contrary to 29 U.S.C. §206.

33. At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

34. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendants, Ionel suffered and continues to suffer damages and lost applicable minimum wages for every hour of work, contrary to 29 U.S.C. §206.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, IONEL COLTEA, requests a Judgment entered in his favor and against Defendant, INDEPENDENT EDUCATION CORPORATION DBA KEY COLLEGE, and Defendant, MARELLA DOOLEY, for actual damages, liquidated damages, costs, expenses and attorneys' fees, and such other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury. Dated this 19th day of December, 2016.

Respectfully submitted,

**MILL STONE LEGAL GROUP, LLC**

        BY:   /s Matthew R. McGuigan
              MATTHEW R. MCGUIGAN, ESQ.
              FL Bar No.:  113357
              *Attorney for Plaintiff*
              333 N. New River Drive E., Ste. 1000
              Fort Lauderdale, FL 33301
              Tel:  754-227-1610
              Fax:  215-475-4764
              E-mail:  mmcguigan@millstonelegal.com